Western NY DISTRICT COURT

Jodi L Warren,                                              Case No:

              Plaintiff,                                   **GENERAL CIVIL**

                                                           **COMPLAINT FOR DAMAGES:**

        vs.                                                **SEXUAL HARASSMENT/HOSTILE**
                                                           **WORK-ENVIRONMENT; FAILURE TO**
Easter Seals                                               **PROMOTE; RETALIATION; PUNITIVE**
                                                           **DAMAGES**

              Defendant                                    **JURY TRIAL DEMANDED**


Plaintiff Jodi L Warren brings forth the following causes of action and alleges the following:

1.  Plaintiff is an individual and resident of Monroe County.
2.  Defendant is a corporation and resides within of Monroe County.
3.  Plaintiff alleges that the events which gave rise to the allegations set forth herein occurred in Western New York and within Monroe County.
4.  Plaintiff was employed by Easter Seals as a Human Resources Representative from September 21, 2011 until the plaintiff's forced resignation on November 8, 2013.
5.  Beginning on or around July 2012 and until November 2013, the Plaintiff was exposed to a hostile, intimidating, discriminating, harassing, and threatening work-environment.
6.  On or around July 25, 2013 and until November 8, 2013, the Executive Director of Easter Seals, employed by Defendant, engaged in unlawful sexual harassment of the Plaintiff and violated Title VII of the Civil Rights Act of 1964.
7.  On or around August 19, 2013, an opportunity for advancement was offered to the Plaintiff by the Executive Director and thus denied on October 1 due to her refusal to engage in advances and quid pro quo made by the Executive Director.
8.  On or around July 12, 2012, Oct, 2012, May 2013, Sept. 25, 2013, and again on Oct. 11, 2013, the Plaintiff brought it to the attention of senior management that she had been exposed to repeated retaliation, hostility, unfair treatment, and intimidation from her supervisor.
9.  On or around July 2012 to Oct 2013, the Plaintiff was retaliated against by her supervisor after filing a complaint with the senior members of Human Resources.

## COMPLAINT 1

### (Sexual Harassment/Hostile Work-Environment)

10. On or about July 2013, the Executive Director, D.C., employed by Easter Seals, initiated a series of inappropriate comments and sexually oriented conduct towards Plaintiff.
11. This conduct began with inappropriate, suggestive, sexual comments, to inappropriate, unwelcomed physical contact.
12. Although quite disturbed by the inappropriateness of the Executive Director, the Plaintiff stated she had to get back to work, which caused the Executive Director to leave.
13. On or around July 31, the Executive Director made an inappropriate comment to the Plaintiff regarding her attire and physical attributes.  Plaintiff expressed concern and addressed the inappropriateness.
14. On or around August 2, the Executive Director inappropriately made physical contact with the Plaintiff and hugged her.  Plaintiff ask him to refrain.
15. On or around August 27, Executive Director came into the Plaintiff's office and made physical contact.  Plaintiff asked for him to stop.
16. On or around August 28, the Executive Director again approached the Plaintiff and made physical contact.  Plaintiff refused his advances.
17. On or around August 28, the Executive Director left a note in the Plaintiff's mailbox asking to see him in his office for "something important".
18. On or around August 28, Plaintiff went to the Executive Director's office and was told by the Executive Director that Plaintiff would need to be silent about these events in order to retain her job.
19. On or around September 23, 2013, the Executive Director suggested the Plaintiff come over to his place of residence.  Plaintiff declined.
20. On or around Sept. 24, 2013, the Executive Director made inappropriate, forcible, unwelcomed physical contact with the Plaintiff.  The Plaintiff yelled for the Executive Director to leave.
21. On and around October 9, 2013, Plaintiff again addressed the Executive Director and his inappropriate, threatening behavior.
22. On or around Oct. 18, the Executive Director continued to make unwelcomed and inappropriate physical contact with the Plaintiff while walking upstairs.
23. On or around Oct. 23, the Plaintiff sent the Executive Director a read receipt/delivery confirmation email with the following statement: "Please refrain from any further physical contact with me.  This is making me uncomfortable in the workplace.  I am asking that we maintain a professional work environment and refrain from any inappropriate contact"
1. On or around Oct 24, the Executive Director came to the Plaintiff's office and stated that if the Plaintiff every wanted anything outside of work, to let him know.
2. On or around November 4, 2013, the Plaintiff notified her supervisor of the sexual harassment, intimidation, hostile work environment and verbal threat of job loss by the Executive Director.
3. On or around November 5, 2013, the Plaintiff notified the Human Resources Manager of the details regarding the harassment, verbal threats and intimidation.
4. After filing a complaint and providing documentation of the inappropriate events that had transpired, there was no further followup, questioning or investigation conducted during the remainder of Plaintiff's employment.

5. On or around November 8, the Executive Director continued to harassment and intimidate the Plaintiff while interrogating her with questions behind her resignation.

6. On or around November 8, the Plaintiff notified the Sr. VP of HR about the continued harassment and intimidation by the Executive Director.

7. Plaintiff did not receive a follow up call from the Sr. VP of HR addressing her concerns.

## NEGLIGENCE 1

8. Defendant failed to address the issues of harassment, and hostility after knowingly having access and information gained from the Plaintiff.

9. On or around November 4, 2013, a complaint of harassment was brought forward by the Plaintiff to her supervisor. No further action was taken by the supervisor.

10. On or around November 5, 2013, a complaint of harassment was brought forward by the Plaintiff to the Human Resources Manager. No further action or discussion was taken by the HR Manager.

11. On May 31, 2013, and on and around August 2013, two employees brought similar accusations of inappropriateness and unwanted physical contact by the Executive Director to the attention of the Plaintiff's supervisor.  No further follow up, or formal investigation or disciplinary action was conducted by the Plaintiff's supervisor or senior member of HR.

12. On or after November 2013, the Executive Director continued his inappropriate contact and sexual harassment with another female employee due to a lack of disciplinary action by the defendant.

13. The defendant's lack of action as described was with a conscious disregard of the Plaintiff's right to work in an environment free from sexual harassment.  Because these actions were carried out by a managerial employee in a despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in the sum sufficient to punish and deter future conduct.

## COMPLAINT 2

### (FAILURE TO PROMOTE)

14. On or around August 19, the Executive Director approached the Plaintiff seeking her interest in a job advancement opportunity.

15. On or around August 22, the Executive Director asked the Plaintiff if she had reviewed the job description, stating the Plaintiff possessed qualities he was looking for in a candidate.

16. On or around August 26, the Executive Directed pursued his interest again in the Plaintiff as candidate for the Practice Manager position.

17. On or around Sept. 11, the Executive Director confirmed to the Plaintiff that she was the sole candidate for the position.

18. On or around Sept. 17, the Plaintiff agreed to discuss the qualifications of the Practice Manager.

19. On or around Sept. 23, the Executive Director invited the Plaintiff over to his place.  The Plaintiff refused.

20. On or around Sept. 24, the Executive Director forcibly and physically touched and violated the Plaintiff.
21. On or around Sept 25, the Executive Director stated he had reservations about hiring the Plaintiff because of her refusal.
22. The Executive Director offered a quid pro quo.  Plaintiff declined.
23. On or around Oct. 1, 2013, Plaintiff was notified by the Executive Director that she was not being offered the position.

## NEGLIGENCE 2

24. Defendant failed to promote and hire Plaintiff due to refusal of advances made by the Executive Director.
25. An illegal offer of quid pro quo was made to the Plaintiff.
26. Defendant exercised the form of retaliation and denied the Plaintiff of advancement opportunities.
27. The Defendant did not investigate or inquire with regards to the circumstances surrounding the failed promotion.

## COMPLAINT 3

## RETALIATION

28. On or around July 2012, Plaintiff addressed work issues with her supervisor and was met with a verbal assault.
29. Plaintiff contacted the Sr. VP of Human Resources on or around July 12, 2012 and filed a complaint.
30. There was no further follow through with the complaint by the Sr. VP of Human Resources.
31. On or around Oct. 2012, the Plaintiff met with the Human Resources Manager to discuss a hostile work environment created by the Plaintiff's supervisor.
32. There was no further follow through or investigation by the HR Manager.
33. On or around May 2013, the Plaintiff contacted the Sr. VP of HR to discuss a hostile work environment caused by the supervisor.  No investigation noted.
34. On or around Sept. 25, 2013, the Plaintiff contacted the Director of HR regarding retaliation by the supervisor in the form of an unfair performance review.
35. On or around Oct. 11, Plaintiff escalated her concerns and met with a Senior Executive Director.
36. After such meeting, the Plaintiff's supervisor retaliated against her by micromanaging the plaintiff's actions and work, and excluded her from staff meetings.
37. On or around Oct. 31, the Plaintiff spoke with the Director of Human Resources to inquire about resolution to her complaint of retaliation.
38. The Director of HR stated that due to his limited presence in NY, he could not address those issues.
39. On or about November 15, the Plaintiff spoke to the VP of HR about resolution to the retaliation issues.  The VP of HR stated her difficulty in addressing the issues due to her limited presence.

## NEGLIGENCE 3

40. Defendant failed to address the retaliation and take the necessary steps to prevent illegal retaliation from occurring in the workplace.

41. Defendant failed to investigate and properly follow through on complaints by the Plaintiff regarding the hostile work environment.

42. Defendant's acts as before described were of willful and conscious disregard of the Plaintiff's right to work in an environment free from retaliation and in violation of Title VII. Accordingly, Plaintiff is entitled to recover punitive damages in the sum sufficient to punish and deter future such conduct.

## DAMAGES

WHEREFORE, based on the foregoing, plaintiff prays for relief against the defendant, and seeks compensatory damages in the amount of $12,000 for lost wages together with attorney fees and court costs.

## AS TO ALL COMPLAINTS

43. For prejudgment interest

44. For additional costs of suit incurred

45. For such other and further relief as this court may deem just and proper, including mental and emotional distress and additional attorney fees as authorized by law.

Dated: October 15, 2015

Plaintiff hereby demands a jury trial on all issues.

*Jodi L. Warren*

Jodi L Warren

Plaintiff

EEOC Form 161 (11-09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jodi L. Warren<br>53 Monroe Street<br>Honeoye Falls, NY 14472 | From: | Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2014-00233 | Charlene Mc Kinnon,<br>Investigator | (716) 551-4447 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

John E. Thompson,
Local Office Director

AUG 2 1 2015

(Date Mailed)

Enclosures(s)

cc:   Tina Sharby
      Human Resources Director
      EASTER SEALS
      103 White Spruce Blvd
      Rochester, NY 14623



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

Ms. Jodi Warren
53 Monroe Street
Honeoye Falls, New York 14472

Re:     Jodi Warren v Easter Seals
        EEOC Charge Number 525-2014-00233

Dear Ms Warren:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information and evidence submitted.   You allege that you were harassed,  and subjected to unfair treatment that forced your constructive discharge in willful violation of Title VII of the Civil Rights Act of 1964 as amended.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost. Please contact Investigator Charlene McKinnon at (716) 551-4447 if you have any questions.

Sincerely,

Date: AUG 2 1 2015

John E. Thompson Jr.
Director
Buffalo Local Office

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | FEPA | |
| | **X** EEOC | 525-2014-00233 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr , Ms , Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Jodi L. Warren | (585) 624-3081 | 01-24-1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 53 Monroe Street, Honeoye Falls, NY 14472 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| EASTER SEALS NY ROCHESTER DTC | Unknown | (603) 621-3417 |

| Street Address | City, State and ZIP Code |
|---|---|
| 125 White Spruce Blvd, Rochester, NY 14623 | RECEIVED |

FEB 27 2014

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | EEOC BUFFALO |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| RACE | COLOR | **X** SEX | RELIGION | NATIONAL ORIGIN |
| RETALIATION | AGE | DISABILITY | GENETIC INFORMATION |
| OTHER (Specify) | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2013    Latest: 11-08-2013

CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for the above named Respondent on or about September 28, 2011. I was last classified as Human Resources Representative. During the course of my employment, I was subjected to unfair treatment. I addressed my concerns regarding my workload to my supervisor as well as other persons in higher authority. I had approximately 6 conversations with management from March 2013 thru October 2013 concerning my workload. After bringing my concerns to Respondent, my supervisor's behavior changed drastically where I was given the silent treatment and his communication with me was little to none. These conversations with management and/or my supervisor resulted in either retaliation from my supervisor or little to no follow through with regards to addressing my issues. It was difficult to perform my job with little guidance or communication from my supervisor. I believe this to have been retaliation for having complained.

Additionally, I was fearful of losing my job at the hands of the Regional Director. I was encouraged to apply for the position of Practice Manager and believe I was not selected because I did not give in to his advances. The Regional Director conveyed to me that I had the skills he was looking for in a Practice Manager. He expressed to me that it would be a good fit for me and professional growth within the organization. After repeated harassment, intimidation, and retaliation, I submitted my letter of resignation on October 25, 2013.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2/23/14    *Jodi Warren* Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |