UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JODI L. WARREN,

         Plaintiff,

                   Case # 15-CV-6653-FPG

v.

                   DECISION AND ORDER

EASTER SEALS,

         Defendant.
_____

   *Pro se* Plaintiff Jodi Warren brings this action against her former employer, Easter Seals, alleging that she was subjected to sexual harassment, retaliation and a hostile work environment.

   The Complaint was filed on October 28, 2015 (ECF No. 1), and the docket sheet reflects the Defendant was served on November 11, 2015, making its answer due on December 2, 2015. *See* ECF No. 2. However, the Defendant did not answer or otherwise respond to the Complaint by that deadline.

   On December 7, 2015, Plaintiff requested that the Clerk of the Court enter default against Defendant pursuant to Fed. R. Civ. P. 55(a) (ECF No. 3), and the Clerk indeed entered the requested default on December 8, 2015. ECF No. 4. A few days later, on December 14, 2015, Defendant filed its Motion to Vacate the Entry of Default. ECF No. 5. Plaintiff filed a response in opposition on December 28, 2015 (ECF No. 7), and Defendant filed a reply on January 4, 2016. ECF No. 8.

   A Clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside the Clerk's entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Under the *Meehan* test, the principal factors to be considered in deciding to relieve a party of a default are: (1) willfulness; (2) prejudice to the

adverse party; and (3) the existence of a meritorious defense.  *Id.* at 277.  Since a Clerk's entry of default is a precondition to seeking a default judgment, the Court notes that the Second Circuit has "a strong preference for resolving disputes on the merits," *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005), and as such, "default judgments are generally disfavored and are reserved for rare occasions."  *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (quotation marks and citation omitted).

In moving to set aside the Clerk's Entry of Default, Defendant first argued that they were not properly served, so they were not required to answer the Complaint.  *See* ECF No. 5.  In their reply, Defendant "presumes, without admitting, that service was properly completed."  ECF No. 8, at 1.  Defendant further states that the individual in their Rochester office who received the Summons and Complaint was neither an officer nor a managing agent, and although that person emailed the documents to "upper management," that communication was "missed."  *Id.*  As such, Defendant argues that their failure to answer the Complaint was not willful, but rather was the product of an administrative error.  Plaintiff does not argue to the contrary.

Plaintiff also does not argue that she would be prejudiced by having the Clerk's Entry of Default vacated.  Instead, her opposition to vacating the default centers around her argument that the Defendant failed to answer by the deadline, so that should end the case.  That is not the law, and as previously stated, the Second Circuit has a strong preference for deciding cases on their merits as opposed to deciding cases by default.  This is especially true when the default period is small, as is the case here.

In evaluating the *Meehan* factors, the Court finds that there is no basis to find that Easter Seals' default was willful; no prejudice has been claimed by Warren; and the proposed denials and defenses set forth in Easter Seals' Motion to Vacate meet the low threshold of adequacy for purposes of Rule 55.  As a result, Defendant's Motion to Vacate the Entry of Default (ECF No.

5) is GRANTED, and the Clerk's Entry of Default (ECF No. 4) is VACATED.  Defendant is directed to file its responsive pleading to the Complaint by August 26, 2016.

    IT IS SO ORDERED.

Dated: August 17, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court